# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cynthia D. Cartwright<br>        Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC<br>        Movant<br>vs. | NO. 15-10290 MDC |
| Cynthia D. Cartwright<br>        Debtor | |
| William C. Miller<br>        Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The bankruptcy stay as to the property located at 332 West 21st Street, Chester, PA 19013 and the mortgage held by Movant shall be reinstated at this time.

2. A down payment of $2,953.00 will be made within seven (7) days of the filing of this Stipulation;

3. The post-petition arrearages referenced in Movant's Motion for Relief and currently in the amount of $2,801.76, will then be cured, and Debtor(s) is/are current on post-petition loan payments through February 2018.

4. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the partial payment due March 1, 2018 in the amount of $151.24 and regular payments in the amount of $440.31 beginning April 1, 2018 (as may be adjusted per the terms of the loan documents).

5. In the event that the payments under Section 2 or Section 3 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

7. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage, loan, and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date: February 13, 2018        By: /s/ Rebecca A. Solarz, Esquire
                                   Rebecca A. Solarz, Esquire
                                   Attorney for Movant

Date: February 19, 2018        _____
                                   Demetrius J. Parrish, Esquire
                                   Attorney for Debtor

Date: 3/9/18                   _____
                                   William C. Miller
                                   Chapter 13 Trustee

                                   *without prejudice to any
                                   trustee rights or remedies

Approved by the Court this 12th day of March, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Magdeline D. Coleman

Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 76067